UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATEEK DAVE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : C.A. No.: 08-856 (RMU) |
| | : |
| CATHY LANIER, *et al.*, | : |
| | : |
| Defendants. | : |
| _____ | : |

**DEFENDANT CATHY LANIER'S
MOTION TO DISMISS**

Defendant Cathy Lanier, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss Plaintiff's Complaint because there is no individual liability under Title VII, the Rehabilitation Act and/or the Americans With Disabilities Act, and also because the claims against Defendant Lanier in her official capacity are duplicative of claims against Defendant District of Columbia.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, this Defendant is not required to confer with other parties per LCvR 7(m).

                                      Respectfully Submitted,

                                      PETER J. NICKLES
                                      Interim Attorney General for the District of Columbia

                                      GEORGE C. VALENTINE
                                      Deputy Attorney General, Civil Litigation Division

                    _____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV


                    _____/s/_____
DWAYNE C. JEFFERSON [980816]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 741-0554 f
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATEEK DAVE, : | |
|     Plaintiff, : | |
| v. : | C.A. No.: 08-856 (RMU) |
| CATHY LANIER, *et al.,* : | |
|     Defendants. : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
DEFENDANT LANIER'S MOTION TO DISMISS**

In support of her dispositive motion, Defendant Cathy Lanier herein submits her memorandum of points and authorities.

**I.   STATEMENT OF FACTS**

The Complaint reflects that this case stems from Prateek Dave's 24-month tenure as a Metropolitan Police Department ("MPD") cadet between September 2004 and September 2006. *See* Complaint at ¶ 5. Plaintiff claims that, while doing physical training exercises at the Institute of Police Science on November 8, 2004, trainer Timothy Desmond (hereafter "Desmond"), of Hispanic descent, pushed him down a steep and slippery slope — causing him to hit a parked car and severely injure his left shoulder. *See* Complaint at ¶ 6.

Plaintiff avers that Desmond discriminated against him and, according to Plaintiff, MPD responded by retaliating against him. *See* Complaint at ¶¶ 6 & 7. Specifically, Plaintiff claims that MPD retaliated by: (1) relegating him to only academic work at the academy supplemented by physical training; (2) subjecting him to sarcastic remarks about his ability to perform as a police officer; (3) making him train with a lower class;

and (4) depriving him of specialized training required for graduation. *See* Complaint at ¶ 7. Plaintiff further claims that the repetitious physical work he was required to perform caused him to develop asthma, which caused him to be out for 1–2 months on sick leave. *Id*. Plaintiff avers that his employment was then terminated on September 26, 2006. *See* Complaint at ¶ 9.

On or about May 19, 2008, Plaintiff filed a Complaint naming the District of Columbia and Police Chief Cathy Lanier as party defendants. Plaintiff expressly contends that these Defendants retaliated against him in violation of both the Americans with Disabilities Act and the Rehabilitation Act (Count I), as well as Title VII (Count II). For the reasons set forth below, Defendant Cathy Lanier is entitled to dismissal of the Complaint.

**II.** **STANDARD OF REVIEW**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which s/he is entitled to relief. The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible." *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007). The determination of whether a dismissal is proper must be made on the face of the pleadings alone. *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic

deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

## ARGUMENT

### III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST DEFENDANT LANIER

    A.    The Lawsuit Against Defendant Lanier is an Official-Capacity Lawsuit And Requires Dismissal

The lawsuit against Police Chief Cathy Lanier is an official capacity lawsuit. See Complaint at ¶ 4 ("**Defendant Cathy Lanier is the Chief of the Metropolitan Police Department and is <u>sued in her official capacity</u>**.") (emphasis added). There are no allegations within the Complaint that Defendant Lanier had any personal knowledge or involvement with the allegations contained in the Complaint. *See* Complaint, generally.

Government officials sued in their official capacities are not personally liable for damages. Instead, a plaintiff must look to the municipality. *See Atchinson v. District of Columbia,* 73 F.3d 418, 424 (D.C. 1996)( citing *Kentucky v. Graham,* 473 U.S. 159, 166 (1985). Courts have routinely dismissed corresponding claims against individuals named in their official capacity as "redundant and an inefficient use of judicial resources." *Robinson v. District of Columbia,* 403 F. Supp. 2d 39, 49 (D.D.C. 2005). The U.S. Supreme Court has ruled upon the issue of official-capacity suits — holding that:

> official-capacity suits…"[g]enerally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit, is in all respects other than name, to be treated as a suit against the entity. …The real party in interest is the entity. Thus, …a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham,* 473 U.S. 159 (1985); s*ee also, Fields v. District of Columbia Dep't of Corrections,* 789 F. Supp 20 (D.D.C. 1992).

In this case, Defendant Lanier's presence would be duplicative as she is being sued in her official capacity only, and the District is already a party defendant. Moreover, an application of the established case law in the District clearly demonstrates that Plaintiff is not entitled to duplicative recovery and must look to the District for any requested relief. Accordingly, Defendant Lanier is entitled to dismissal.

B.   There is No Individual Liability Under Title VII.

Plaintiff seeks relief against Chief Lanier under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e, *et seq* . Individual employees cannot be held liable under Title VII. *See Wallace v. Skadden, Arps, Slate, Meagher & Flom,* 1998 D.C. App. LEXIS 9 (D.C. 1998); *see also Gary v. Long,* 59 F.3d 1391 (D.C. Cir. 1995) (holding that while a supervisory employee may be joined as a party defendant in a Title VII action, that employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII); *see also Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) (holding that relief granted under Title VII is against the employer, not individual employees whose actions constituted a violation of Title VII).[1]

The Court of Appeals' holding in *Gary v. Long, supra*, excluding individual liability from the definition of "employer" under Title VII, is also applicable to the ADA's definition of "employer." *Cooke-Seals v. District of Columbia,* 973 F.Supp. 184, 187 (D.D.C. 1997).    Since individual liability is not provided for and/or contemplated by Title VII, Chief Lanier is entitled to dismissal as a matter of law.

---

[1] *See also Gill v. Mayor of the District of Columbia*, 2007 WL 1549100 (D.D.C. May 25, 2007) (Court dismisses the individual capacity suits against the Mayor and the Superintendent of D.C. Schools because there is no individual liability in Title VII cases); *Murphy v. Price Waterhouse Coopers, LLP,* 357 F. Supp. 2d 230, 244 (D.D.C. 2004).

C. There is No Individual Liability Under the American With Disabilities Act or the Rehabilitation Act.

Plaintiff has sued Defendant Cathy Lanier under Title II of the American With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA") in her official and individual capacities. However, individuals cannot be sued in their personal capacity for alleged violations of Title II of the ADA, 52 U.S.C. §12131(1) (2000), or under Section 504 of the RA, 29 U.S.C. § 794(a). In a recent decision, *Sindram v. Meriwether,* 506 F.Supp 2d 7 (D.D.C. 2007), this Court found that "it is abundantly clear that [the individual plaintiff] cannot be held liable in her personal capacity under Title II of the ADA." Therefore, it held that plaintiff had failed to state an ADA claim for which relief can be granted. The Court noted that the statutory language of the ADA is directed and limited to a "public entity" which is defined as "any State or local government or any department, agency, special purpose district or other instrumentality of a state of states, or local government." *Id.* at 2, *citing,* 42 U.S.C. §12131(1)(A)-(B). The Court also noted that existing case law holds that neither the ADA nor Section 504 of the Rehabilitation Act allows for personal capacity suits *Id. See also, Williams v. McLemore,* 2007 WL 1748146 at 6 (6th Cir. June 19, 2007) (ADA does not provide for personal liability for defendants sued in their individual capacities); *Garcia v. S. U.N.Y. Health Sciences Center of Brooklyn,* 280 F. 3d 98, 107 (2d Cir. 2001) (neither Title II of the ADA nor Section 504 of the Rehabilitation Act permit individual capacity suits against State officials); *Alsbrook v.City of Maumelle,* 184 F. 3d 999, 1005 n. 8 (8th cir. 1999) (commissioners could not be sued in their individual capacities under Title II of the ADA because it affords disabled individuals redress for discrimination by a "public entity"); *Shebby v. Adams,* 2007 WL 1302744 at

8 (E.D. Cal. May 2, 2007) (individuals cannot be personally sued under Title II of the ADA); *Calloway v. Boro. of Glassboro Dept' of Police,* 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (individual liability is not contemplated under Title II of the Disability Act and Section 504 of the Rehabilitation Act); *Monte v. Roomer,* 32 F. Supp. 2d 1235, 140-41 (D. Colo. 1999) (defendants in their individual capacities are not properly subject to suit under Title II of the ADA). Moreover, in *Calloway, supra,* the Court was also persuaded by the Eighth Circuit's reasoning in employment discrimination cases in which individuals are personally sued. The Court held there was no liability under the ADA against individuals who do not otherwise qualify as "employers" under the statutory definition. *See Calloway, 89* F. Supp 2d at 557.

It is clear, therefore, that under existing law, relief cannot be granted against Defendant Lanier in her personal capacity under the ADA or the Rehabilitation Act. Therefore, dismissal against Defendant Lanier is mandated by law.

WHEREFORE, based on the foregoing, Defendant Cathy Lanier respectfully requests an Order dismissing with prejudice Plaintiff's Complaint.

    Respectfully Submitted,

    PETER J. NICKLES
    Interim Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____/s/_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

                                                     /s/
                                DWAYNE C. JEFFERSON [980816]
                                Assistant Attorney General
                                One Judiciary Square
                                441 4th St., N.W., 6th Floor South
                                Washington, D.C. 20001
                                (202) 724-6649 p | (202) 727-6295 | (202) 741-0554 f
                                dwayne.jefferson@dc.gov

                                **COUNSEL FOR DEFENDANT**
                                **CATHY LANIER**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRATEEK DAVE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-856 (RMU) |
| | : | |
| CATHY LANIER, ET AL. | : | |
| | : | |
| Defendants. | : | |

## ORDER

UPON CONSIDERATION of Defendant Cathy Lanier's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendant Cathy Lanier are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. RICARDO M. URBINA**
Judge, U.S. District Court
For the District of Columbia