UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATEEK DAVE, | : |
|     Plaintiff, | : |
| v. | :    C.A. No.: 08-856 (RMU) |
| CATHY LANIER, *et al.*, | : |
|     Defendants. | : |

## MOTION TO DISMISS
## ON BEHALF OF THE DISTRICT OF COLUMBIA

Defendant District of Columbia ("District"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves this Honorable Court to dismiss Prateek Dave's Complaint because:

1. Plaintiff fails to state a claim under the Americans with Disability Act and/or the Rehabilitation Act (Count I) as he fails to allege that he suffers from an actual disability; and

2. Plaintiff fails to state a claim of retaliation under Title VII (Count II) as there is no temporal proximity between his purported November 2004 discrimination complaints, and his alleged termination in September 2006.

A Memorandum of Points and Authorities in support of this Motion, along with a proposed Order, is attached hereto and incorporated herein by reference. Because this is a dispositive motion, the District is not required to confer with Plaintiff per LCvR 7(m).

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General, District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

              _____/s/_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

              _____/s/_____
DWAYNE C. JEFFERSON [980813]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 727-6295 | (202) 741-0554 fax
dwayne.jefferson@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PRATEEK DAVE, | : | |
| | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No.: 08-856 (RMU) |
| | : | |
| CATHY LANIER, ET AL. | : | |
| | : | |
|     Defendants. | : | |

**MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

In support of its dispositive motion, Defendant District of Columbia ("District") herein submits its memorandum of points and authorities.

**I.   STATEMENT OF FACTS**

The Complaint reflects that this case stems from Prateek Dave's 24-month tenure as a Metropolitan Police Department ("MPD") cadet between September 2004 and September 2006. *See* Complaint at ¶ 5. Plaintiff claims that, while doing physical training exercises at the Institute of Police Science on November 8, 2004, trainer Timothy Desmond (hereafter "Desmond"), of Hispanic descent, pushed him down a steep and slippery slope — causing him to hit a parked car and severely injure his left shoulder. *See* Complaint at ¶ 6.

Plaintiff purportedly complained that Desmond discriminated against him, and Plaintiff further alleges that MPD retaliated against him for lodging this discrimination complaint against Desmond. *See* Complaint at ¶¶ 6 & 7. Specifically, Plaintiff claims that MPD retaliated by: (1) relegating him to only academic work at the academy

supplemented by physical training; (2) subjecting him to sarcastic remarks about his ability to perform as a police officer; (3) making him train with a lower class; and (4) depriving him of specialized training required for graduation.  *See* Complaint at ¶ 7.  Plaintiff further claims that the repetitious physical work he was required to perform caused him to develop asthma, which caused him to be out for 1–2 months on sick leave.  *Id.*  Plaintiff avers that his employment was then terminated on September 26, 2006.  *See* Complaint at ¶ 9.

On or about May 19, 2008, Plaintiff filed a Complaint naming the District of Columbia and Police Chief Cathy Lanier as party defendants.  Plaintiff expressly contends that these Defendants retaliated against him in violation of both the Americans with Disabilities Act and the Rehabilitation Act (Count I), as well as Title VII (Count II).  On June 12, 2008, Police Chief Cathy Lanier moved to dismiss the Complaint [Docket # 2].  For the reasons set forth below, the District of Columbia is also entitled to dismissal of the Complaint.

II.     **STANDARD OF REVIEW UNDER RULE 12(b)(6)**

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is appropriate when a moving party has failed to set forth a claim for which she is entitled to relief.  The Supreme Court has held that the proper test for the sufficiency of a pleading is whether the claim the Complaint purports to set forth is "plausible."  *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1966 (2007).  The determination of whether a dismissal is proper must be made on the face of the pleadings alone.  *See Telecommunications of Key West, Inc., v. United States,* 757 F.2d 1330, 1335 (D.C. Cir. 1985).

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do." *Twombly,* 127 S.Ct. at 1964-65. "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 1966.

**ARGUMENT**

**III.     PLAINTIFF FAILS TO STATE A CLAIM OF DISABILITY DISCRIMINATION**

Plaintiff has sued the District under Title II of the Americans With Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"). Yet, Plaintiff has not sufficiently pled that he suffers from an actual disability as required by the ADA and RA. Furthermore, Plaintiff has failed to allege sufficient facts to support a claim that he has sustained an adverse employment action related to his purported disability. 42 U.S.C. § 12112(a) provides:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

The definition of "disability" is contained in 42 U.S.C. § 12102(2):

> The term "disability" means, with respect to an individual
>
> (A) a physical or mental impairment that substantially limits one or more of the major life activities or such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

In order to establish a *prima facie* case of discrimination under the ADA, plaintiff must demonstrate that: (1) s/he is a disabled person within the meaning of the ADA, (2) s/he is able to perform the essential functions of the job with or without reasonable accommodation, and (3) s/he suffered an adverse employment decision because of her

disability. *See* 42 U.S.C. § 12112(b)(5)(A) and § 12111(8); *see also Wilson v. Int'l Brotherhood of Teamsters,* 47 F.Supp 2d. 8, 10 (D.D.C. 1999).[1]

The threshold determination of whether a person has a disability as defined by the ADA, requires a three-step analysis. First, the court must determine whether the individual's condition "constituted a physical impairment." *Bragdon v. Abbott,* 118 S.Ct. 2196, 2202 (1998). Second, the court must determine whether the impairment "affects a major life activity." *Id.* at 2204. Finally, in order to qualify as a disability, the person's impairment must impose "a substantial limit on the major life activity [the person] asserts." *Id.* at 2205; *see also* 42 U.S.C. §12102(2); *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 196 (2002) (these "terms [substantial limitation on a major life activity] need to be interpreted strictly to create a demanding standard for qualifying as disabled").

Major life activities include, "functions such as caring for oneself, performing normal tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. §1630. 2(i). As articulated by one court, the relevant question of whether a person suffers an impairment that limits a life activity is, "whether the difference between his ability and that of an average person is qualitatively significant enough to constitute a disability." *Taylor v. Pathmark Stores, Inc*. 177 F.3d 180, 186 (3rd Cir. 1999). Furthermore, the determination of whether an individual is disabled under the ADA should be made with reference to measures that mitigate the individual's impairment. *Sutton v. United* Airlines, *Inc.*, 527 U.S. 471 (1999) (job applicant with visual impairment not disabled under ADA because the impairment was fully corrected by glasses); *accord, Murphy v. United Parcel Service*, 527 U.S. 516 (1999) (mechanic fired because of

---

[1] The Rehabilitation Act is to be applied in a manner consistent with the Americans with Disabilities Act. 42 U.S.C. § 12117(b).

hypertension not disabled under ADA, because medication brought his blood pressure within normal limits).

The case of *Weber v. Strippet*, 186 F.3d 907 (8th Cir. 1999) is illustrative of the manner in which the courts analyze the question of whether an individual suffers from an "actual" disability under the ADA. In that case, plaintiff alleged that his heart disease substantially interfered with one or more major life activities. In support of his claim, he presented evidence that he now had dietary restrictions and also experienced difficulty in walking long distances and climbing stairs. In affirming the trial judge's grant of summary judgment for defendant, the court held that as a matter of law that plaintiff's medical problems did not cause a substantial limitation to a life activity. *Weber*, 186 F.3d at 914. The court reasoned that the difficulties encountered by the plaintiff did not substantially restrict him as compared to the average person in the general population.

In the present case, Prateek Dave has alleged in conclusory terms that as a result of some unspecified disability, he is "entitled to protection under the ADA and Rehabilitation Act." *See* Complaint ¶ 12. Nonetheless, the Complaint is devoid of any allegation that that this unspecified condition (if any) has a substantial impact upon any major life activity. For instance, Plaintiff claims that his shoulder was injured in the November 2004 incident, and further claims that he, "developed asthma because of repetitious physical work." *See* Complaint at ¶¶ 6 & 7. However, to prove that he has a disability, Plaintiff must demonstrate that his shoulder injury and asthma "substantially limits" one or more major life activities. 42 U.S.C. § 12102(2). For the impairment (i.e., Plaintiff's shoulder injury or asthma) to substantially limit major life activities, "[t]he impairment's impact must ... also be permanent or long term" *Toyota Motor Mfg., Ky.,*

*Inc. v. Williams,* 534 U.S. 184, 185 (2002); *see also* 29 C.F.R. §§ 1630.2(j)(2)(ii)-(iii) (2001). Yet, Prateek Dave expressly admits that his shoulder injury was temporary. *See* Complaint at ¶ 6 ("Mr. Dave was placed on limited duty during the treatment for his shoulder injury, which lasted approximately **5 months** and included Cortisone shots but no surgery.") (emphasis added). He further admits that his asthma-related sickness was short term. *See* Complaint at ¶ 7 ("Mr. Dave developed asthma because of the repetitious physical work he was subjected to with the required PT test (Physical Training Test). He was out **one to two months** on sick leave due to asthma.") (emphasis added).

Short-term physical impairment while recuperating from injury does not constitute a disability. *See Pollard v. High's of Baltimore, Inc.,* 281 F.3d 462, 469 (4th Cir.2002) (holding that a nine month leave of absence to recover from surgery does not show that the plaintiff had a long-term disability); *Sutton v. Lader,* 185 F.3d 1203, 1209 (11th Cir.1999) (holding that "temporary inability to work while recuperating from surgery does not constitute" a disability for purposes of the Rehabilitation Act); *Heintzelman v. Runyon,* 120 F.3d 143, 145 (8th Cir.1997); *Rogers v. Int'l Marine Terminals, Inc.,* 87 F.3d 755, 759 (5th Cir.1996); *McDonald v. Commonwealth of Pa., Dept. of Pub. Welfare, Polk Ctr.,* 62 F.3d 92, 96 (3d Cir.1995). Accordingly, Defendant is entitled to judgment as a matter of law as to Plaintiff's claim that he has an actual disability as defined by the ADA and RA. *See Schwartz v Comex*, 1997 WL 187353 (S.D.N.Y. 1997) (Rule 12(b)(6) motion granted when plaintiff failed to allege that he was impaired in a major life activity).

**IV.     PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII**

Plaintiff asserts a retaliation claim against the District under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e, *et seq*. To state a *prima facie* case of retaliation, a plaintiff must demonstrate: (1) that s/he engaged in a statutorily protected activity; (2) that the employer took an adverse personnel action; and (3) that a causal connection exists between the two. *See Brown v. Brody*, 199 F.2d 446, 452 (D.C. Cir. 1999). However, Prateek Dave fails to state a claim of retaliation upon which relief may be granted because the personnel actions about which he complains are not "adverse," and no temporal proximity exists.

**1.     TEMPORAL PROXIMITY DOES NOT EXIST**

Plaintiff alleges that — after the pushing incident of November 8, 2004 — he "complained that Desmond treated him in a discriminatory manner," and that, in September 2006, MPD terminated him in retaliation for complaining about Desmond. *See* Complaint at ¶¶ 6 & 9. Standing alone, these allegations are not sufficient to state a claim for retaliation because the alleged retaliation occurred nearly two years after Plaintiff complained (if at all) of discrimination. *See Clark County Sch Dist. v. Breedon*, 532 U.S. 268, 273 (2001) (noting that temporal proximity between an employer's knowledge of protected activity and an adverse employment action must be "very close") (per curiam).

In retaliation claims, a causal connection may be inferred, "by showing that the employer had knowledge of the employee's protected activity and that the personnel action took place shortly after that activity." *Mitchell v. Baldridge*, 245 759 F.2d 80, 86 (D.C. Cir. 1985). In determining whether a causal connection exists between protected

activity and alleged retaliatory actions, courts seldom have accepted time lapses outside a year in length. *See Lockamy v. Truesdale*, 182 F. Supp. 2d 26, 37 (D.D.C. 2001); *Woodruff v. DiMario*, 164 F. Supp. 2d 1, 9 (D.D.C. 2001); *Kilpatrick v. Riley*, 98 F. Supp. 2d 9, 22 (D.D.C. 2000) (lapse of ten years or more "well beyond" range where the D.C. Circuit and this court have tended to find a *prima facie* case of causation); *see also Saunders v. DiMario*, 1998 WL 525798 (D.D.C. 1998) (no causal nexus where the alleged retaliatory non-hiring occurred eight to ten years after filing EEO complaint); *Devera v. Adams*, 874 F. Supp. 17, 21, (D.D.C. 1995) ("an eight month interval between the two events is not strongly suggestive a causal link"); *Garret v. Lujan*, 799 F. Supp. 198, 202 (D.D.C. 1992) (almost a year "between plaintiff's EEO activity and the adverse employment decision is too great [a length of time] to support an inference of reprisal"); *Chambliss v. Amtrak*, No. 05-2490, 2007 U.S. Dist. LEXIS 11522, at *85 (D.D.C. Feb. 20, 2007) (finding no causal connection where fourteen months elapsed between the employee's protected activity and the employer's adverse action). The more time that elapses between the protected activity and the alleged retaliation, the more difficult it is to justify an inference of causal connection between the two. *See Clark County Sch. Dist. V. Breeden*, 532 U.S. 268, 273 (2001) (temporal proximity needs to be a matter of weeks or months, not years); *MECO Corp. v. Nat'l Labor Relations Bd.,* 986 F.2d 1434, 1437 (D.C.Cir.1993) (citing various cases noting that gaps of four-to-eight months were insufficient to support an inference of causation in a similar setting); *Devera v. Adams*, 874 F.Supp. 17, 21 (D.D.C.1995) (holding that "an eight month interval between the two events is not strongly suggestive of a causal link"); *Townsend v. Washington Metro. Area Transit Auth.* 746 F.Supp. 178, 187 (D.D.C.1990) (two year gap insufficient to create

inference); *Forman v. Small,* 271 F.3d 285, 301 (D.C.Cir.2001) (three year lapse insufficient to support inference of causation).

      2.      THE SPECIFIC ACTS ABOUT WHICH PLAINTIFF COMPLAINS DO NOT CONSTITUTE ADVERSE PERSONNEL ACTIONS

As stated above, Plaintiff claims that MPD retaliated against him by: (1) relegating him to only academic work at the academy supplemented by physical training; (2) subjecting him to sarcastic remarks about his ability to perform as a police officer; (3) making him train with a lower class; and (4) depriving him of specialized training required for graduation. *See* Complaint at ¶ 7. Yet, Plaintiff is unable to establish a *prima facie* case of retaliation for any of his four (4) cited instances because each of the examples is either insufficient to constitute an adverse personnel action and/or lacks a causal connection with his purported September 2006 termination.

In *Russell v. Principi,* 257 F.3d 815, 818 (D.C.Cir.2001), the Court explained that, "[N]ot everything that makes an employee unhappy is an actionable adverse action. Minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would otherwise form the basis of a discrimination suit." This policy, "guards against both judicial micromanagement of business practices, and frivolous suits over insignificant slights" *Id*.

With respect to Plaintiff's training allegations — *i.e.*, his claims regarding "physical training," "training in a lower class" and "specialized training," — an employer's decisions regarding employee training do not generally qualify as material adverse employment actions. *See Powell v. Castaneda*, 390 F.Supp.2d 1 (D.D.C. 2005) (Richard M. Urbina, J.), o*n reconsideration in part*, 247 F.R.D. 179, 183-84 (D.D.C. 2007) (denial of training opportunities did not constitute retaliation); *Black v. Tomlinson*,

425 F.Supp.2d 101, 120-121 (D.D.C. 2006) (same).  Likewise, with respect to Plaintiff's claims about sarcastic remarks, it is well settled that an employer's criticism of an employee's work does not generate a tangible employment action.  *See, e.g., Weigert v. Georgetown Univ.,* 120 F.Supp.2d 1, 17 (D.D.C.2000) ("Formal criticism and poor performance evaluations do not ordinarily constitute adverse actions."); *Brodetski v. Duffey,* 141 F.Supp.2d 35, 43 (D.D.C.2001) (criticism of an employee's performance does not constitute adverse employment action); *Milburne v. West,* 854 F. Supp. 1, 14 (D.D.C. 1994) (a reprimand that amounts to a mere scolding does not rise to the level of adverse action); *Childers v. Slater*, 44 F. Supp.2d 8, 20 (D.D.C. 1995).

WHEREFORE, based on the foregoing, Defendant District of Columbia respectfully requests an Order dismissing with prejudice Plaintiff's Complaint.

Respectfully Submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____by KMJ_____
PATRICIA A. JONES [428132]
Chief, General Litigation Sec. IV

_____/s/_____
DWAYNE C. JEFFERSON [980816]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 727-6295 | (202) 741-0554 fax
dwayne.jefferson@dc.gov

**COUNSEL FOR THE
DISTRICT OF COLUMBIA**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATEEK DAVE,  :  <br>  :  <br>     Plaintiff,  :  <br>  :  <br> v.   :   C.A. No.: 08-856 (RMU)  <br>  :  <br> CATHY LANIER, *et al.*,  :  <br>  :  <br>     Defendants.  :  <br>_____: | |

## **O**RDER

UPON CONSIDERATION of Defendant District of Columbia's Motion to Dismiss, the Memorandum of Points and Authorities in Support thereof, Plaintiff's opposition, if any, and the entire record herein, it is on this _____ day of _____ 2008, hereby:

ORDERED that the Motion to Dismiss is **GRANTED** such that all of Plaintiff's claims against Defendant District of Columbia are **DISMISSED WITH PREJUDICE** for the reasons set forth in the motion.

_____
**HON. RICARDO M. URBINA**
Judge, U.S. District Court for the District of Columbia