UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| PRATEEK DAVE           ) | | |
|           ) | | |
|   PLAINTIFF  ) | | |
| v.                     ) | Civil Action No. 08-0856 | |
|           ) | Jury Trial Demand | |
|           ) | (RMU) | |
| CATHY LANIER           ) | | |
| CHIEF, METROPOLITAN POLICE ) | | |
| DEPARTMENT, et al.     ) | | |
|           ) | | |
|   DEFENDANTS ) | | |
| _____) | | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

  Comes now the Plaintiff Prateek Dave ("Plaintiff" or "Dave"), by and through his attorneys, and files this Opposition to Defendant District of Columbia's Motion to Dismiss, and in support thereof, states as follows.

Introduction

  Plaintiff has filed a complaint alleging disability discrimination under the Americans with Disabilities Act and the Rehabilitation Act, and retaliation under Title VII.  Defendant District of Columbia has filed a motion to dismiss Plaintiff's complaint, alleging that Mr. Dave failed to state a claim under the Americans with Disability Act and/or the Rehabilitation Act because he fails to allege that he suffers from an actual disability.  Defendant also seeks dismissal because it asserts that Mr. Dave failed to state a claim for retaliation because there is no temporal proximity between his November 2004 discrimination complaints, and his alleged termination.  Because Mr. Dave is only

required to provide a short statement of facts showing he is entitled to relief, and because dismissal of the complaint would be appropriate only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," and because Mr. Dave has alleged sufficient facts to support his claims, the motion to dismiss should be denied.  Mr. Dave has alleged that suffers from a disability and the District discriminated against him and terminated his employment because of his disability or because it regarded him as disabled, Complaint at 14, and Mr. Dave alleged retaliation arising from actions taken against him after he returned to work from his injury and continuing to his termination, Comp. at 22..  He has stated claims for disability discrimination and retaliation.

**Argument**

Standard of Review

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), all the properly pled allegations of the complaint are taken as true and all facts are construed in the light most favorable to the plaintiff. See FRCP Rule 12(b)(6); Domen v. National Rehab. Hospital, 925 F. Supp. 830, 837 (D.D.C. 1996).  "Dismissal for failure to state a claim is proper [only] where `it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).    The Supreme Court has made clear that it is inappropriate to require a plaintiff to plead facts which he may not need to succeed on the merits of the claim.  See Swierkiewicz v. Sonoma, 535 U.S. 506 (2002) (holding that plaintiff need not plead facts establishing a prima facie case of employment discrimination, in part because it would be "incongruous to require a plaintiff, in order to

survive a motion to dismiss, to plead more facts than he may ultimately need to prove to succeed on the merits if direct evidence of discrimination is discovered").

### A.     Mr. Dave has State a Claim of Disability Discrimination

Mr. Dave alleges in his complaint that the District discriminated against him because of his disability (injury to his shoulder and asthma) or because it regarded him as disabled. Comp. at 6, 7 and 14.

The District argues that Mr. Dave's complaint is "devoid of any allegation that [his condition] has a substantial impact upon any major life activity." Motion at 7. The District contends that "to prove that he has a disability, Plaintiff must demonstrate that his shoulder injury and asthma "substantially limits" one or more major life activities." Id. The District further argues that Mr. Dave expressly admits that his should injury and asthma were temporary and short term.

Defendant's arguments do not support dismissal under Rule 12(b)(6). First, in filing a complaint, Mr. Dave is only required to provide a short statement of facts in support of his claims. Mr. Dave is not required to prove his claims at this point. Further, Defendant has misstated Mr. Dave's allegations. Mr. Dave has alleged that the District discriminated against him because of his disability or because the District regarded him as disabled. Comp. at 6, 7 and 14. The District only argues that Mr. Dave does not have a disability, it does not argue that the District did not regard him as disabled.

The ADA's definition of disability includes "being regarded as having such an impairment," 42 U.S.C. § 12102(2)(B) and § 12102(2)(C). A person is "regarded as" disabled if his employer "mistakenly believes that [the] person has a physical impairment that substantially limits one or more major life activities" or "mistakenly believes that an

actual, nonlimiting impairment substantially limits one or more major life activities." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999).

Mr. Dave contends that his condition had a substantial impact on a major life activity-working.  See Gasser v. District of Columbia, 442 F.3d 758, 763 n.7 (D.C. Cir. 2006) (assuming, without deciding, that "working" constitutes a major life activity).   To be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from more than a particular job.  Murphy v. United Parcel Serv., Inc., 527 U.S. 516, 523 (1999) (assuming arguendo that working qualifies as a major life activity); see also Sutton, 527 U.S. at 492 (making same assumption and holding that "[t]o be substantially limited in the major life activity of working . . . one must be precluded from more than one type of job, a specialized job, or a particular job of choice").

Mr. Dave asserted that because of his severe shoulder injury, he was placed on limited duty for five months, and he was out of work for one to two months for asthma related treatment, and finally he was terminated in September 2006. Comp. at 6, 7 and 14. Contrary to the Defendant's argument,  Mr. Dave has not alleged that his shoulder injury was temporary.  Mr. Dave stated that he received treatment for his shoulder injury and he was on limited duty for five months. Id.   There is no statement that the injury was temporary.  Further, Mr. Dave has not alleged that his asthma was short term.  Mr. Dave states that he suffers from asthma and that he missed work one to two months for asthma treatment. Id.   There is no allegation that he no longer suffers from asthma.

Based on the allegations in the complaint, it can not be stated that no relief can be granted under the stated facts.  Mr. Dave has stated a claim for disability discrimination.

### B.     Mr. Dave has Stated a Claim for Retaliation

Defendant maintains that Mr. Dave fails to state a claim for retaliation because temporal proximity does not exist and he was not subjected to an adverse act. Specifically, according to the District, the termination of Mr. Dave occurred approximately two years after his complaints of discrimination, and this is insufficient to state a claim of retaliation because the alleged retaliation occurred nearly two years after his complaint of discrimination.  The District also claims that the other acts of retaliation claimed by Mr. Dave did not constitute adverse acts.

Defendants have misstated the facts and are wrong on the law.  Mr. Dave alleged that he complained about the discriminatory treatment of Desmond after the November 2004 assault.  Comp. at 6.  He was placed on light duty for five months, and the District retaliated against him when he returned to work, by relegating him to academic work only and physical training, placing him in a lower class and denying him specialized training required for graduation.  Comp. at 6, 7 and 14.  Mr. Dave complains that these actions took place after the assault and after he complained about the assault, and continued until her was terminated in September 2006.   Because Mr. Dave alleged the retaliation began after he complained about the assault and continued until his termination in September 2006, there was no lapse in time between the protected activity and adverse acts, and temporal proximity exists to support the claim of retaliation.

To state a <u>prima facie</u> claim of unlawful retaliation, a plaintiff must show:

> a) that he engaged in activity protected by Title VII of the
> Civil Rights Act of 1964;

5

>  b) that his employer took adverse employment action against him; and
>
>  c) that a causal connection existed between the protected activity and the adverse action.[1]

Retaliatory acts are not limited "to those that are related to employment or occur at the workplace." Burlington, 126 S.Ct. at 2409. A plaintiff must show that the employer's actions "would have been materially adverse to a reasonable employee." Id. Further, "an employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Id. The Supreme Court has emphasized that the employer's action must be "materially" adverse because the statute protects employees from significant harms and does not protect an employee from "those petty slights or minor annoyances that often take place at work and that all employees experience." Id. at 2415. Further, an objective "reasonable person" standard applies. Id. Employees are not protected from "all retaliation, but from retaliation that produces an injury or harm." Id. at 2414. Cases must be evaluated based on their unique circumstances." Id.

Defendant cites to cases where courts have found that denial of training opportunities did not constitute retaliation. See Motion at 11 and 12 (citations omitted). These cases involve decisions after the record was developed and at the summary judgment stage. Defendant is raising this argument in a motion to dismiss, rather than in a motion for summary judgment. Mr. Dave's obligation at this point is only to state a claim. Further, unlike the cases cited by Defendant where employees held specific jobs,

---

[1] Burlington N. & Santa Fe Ry. v. White, 126 S.Ct. 2405 (2006); Holcomb v. Powell, 433 F.3d 889 (D.C. Cir. 2006).

and complained because they were denied additional training, Mr. Dave's job was attending the police training academy as a cadet and graduating from the academy so he could be sworn in as a police officer. Thus, the training was his job. No of the cases cited involved denial of specific training provided to other individuals while in a training academy. Mr. Dave complained that the District denied him specialized training which was part of the training program. By denying him the specialized training needed to graduate from the Academy, the District refused to advance him in the academy because he complained about discrimination. If Mr. Dave establishes these facts during discovery, it will demonstrate that the District engaged in actions "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." Burlington, 126 S.Ct. at 2409.

Mr. Dave has established sufficient facts to support a claim of retaliation.

**Conclusion**

For these reasons, the District's motion to dismiss should be denied.


                    Respectfully submitted,

                    */s/ David A. Branch*

                    David A. Branch #437864
                    Law Office of David A. Branch
                    1825 Connecticut Avenue, NW
                    Suite 690
                    Washington, D.C. 20009
                    (202) 785-2805

**Certificate of Service**

I hereby certify this 21st day of July 2008 that the foregoing copy of Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss was served by electronic mail to counsel listed below:

Dwayne Ferguson
Assistant Attorney General
District of Columbia Government
441 4th Street, NW
Washington, DC 20001

                                                      */s/ David A. Branch*
                                                     David A. Branch