UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRATEEK DAVE, | : |
| Plaintiff, | : |
| v. | : C.A. No.: 08-856 (RMU) |
| CATHY LANIER, *et al.*, | : |
| Defendants. | : |

### DISTRICT OF COLUMBIA'S
### REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant District of Columbia ("District"), by and through undersigned counsel, hereby submits its Reply to Plaintiff's Opposition to Defendant's Motions to Dismiss.

### ARGUMENT

**I. DEFENDANT IS ENTITLED TO JUDGMENT AS A MATTER OF LAW AS TO PLAINTIFF'S CLAIM THAT HE HAS SUFFICIENTLY PLED THAT HE IS DISABLED OR "REGARDED AS" DISABLED**

Plaintiff claims that the District's arguments do not support dismissal under Rule 12(b)(6) because, "Mr. Dave has alleged that the District discriminated against him because of his disability or because the District regarded him as disabled." Plaintiff argues that because of notice pleading, he need only provide a short statement of the claim against the District. However, Plaintiff has not sufficiently pled that he suffers from a disability or that the District "regarded him as suffering from a disability" as defined by the American With Disabilities Act (hereafter "ADA"), or the Rehabilitation Act (hereafter "RA"). *See Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007), holding a plaintiff is required to plead enough facts to state a claim for relief that is plausible on its face.

In order to survive a motion to dismiss, a plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 127 S.Ct. at 1964-65.  Under both the ADA, and the RA, a party must show that he suffers a disability as defined by those Acts.  Therefore, Plaintiff is required to set forth facts in his Complaint to support his claim that he suffered a disability and/or that the District regarding him as suffering a disability.  Based on the facts pled by Plaintiff, he has not met his burden of notice pleading under *Twombly*.

Plaintiff alleges that he suffered from a shoulder injury and asthma.  *See* Complaint.  Because the disability must affect a major life activity, Plaintiff's failure to plead facts to support his claim that his shoulder injury or asthma affected a major life activity entitles this Defendant to dismissal of his claim under both the ADA and RA.

For purposes of a "regarded as" claim, pursuant to the ADA, the employer must **mistakenly perceive** that his employee has a disability that has a substantial impact upon a major life activity.  The substantial impact inquiry mirrors that employed in an actual disability claim. *See Davidson v. Midelfoot Clinic LTD*, 133 F.3d 499, 511 (7th Cir. 1998), *citing* 29 C.F.R. § 1630.2(1).  In *Murphy v. United Parcel Service*, 527 U.S. 516 (1999), an individual with hypertension was hired as a mechanic, a position that required him to drive a commercial truck.  His employer fired him on the mistaken belief that his blood pressure exceeded the Department of Transportation requirements for drivers of commercial vehicles. The fired mechanic brought suit under the ADA against the employer and alleged *inter alia* that he was "regarded as" disabled because the employer had mistakenly regarded his hypertension as substantially limiting him in the major life activity of working.  In reviewing the trial court's grant of summary judgment to the

employer, the Court observed that the relevant regulations of the EEOC defined "substantially limits" as "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630(j)(3)(i) (1988). In light of this definition, the employer was entitled to summary judgment because:

> At most, petitioner has shown that he is regarded as unable to perform the job of mechanic only when the job requires a commercial motor vehicle.

*Murphy*, 527 U.S. at 524. Thus, the Court held that the mechanic had failed to show that he was regarded as unable to perform a class of jobs (i.e. the full range of mechanics jobs not involving the need to drive a commercial motor vehicle).

Similarly, in *Sutton v. United Airlines*, 527 U.S. 471 (1999), twin sisters, who both suffered from myopia, applied to United Airlines for employment as commercial pilots. Their applications were rejected because neither sister met United's uncorrected visual acuity requirement of 20/100 vision. Plaintiffs filed suit under the ADA alleging that the airline regarded them as having a disability. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted. It held that the applicants, as a matter of law, had not made sufficient allegations to support their claim that they were "regarded" by the airline as having an impairment that substantially limits a major life activity. The trial court reasoned that the applicants had alleged only that the airline regarded them as unable to satisfy the requirements of a particular job, namely that of a global airline pilot. The Supreme Court agreed with the trial court's analysis and held that because the position of global airline pilot is just a single job among many that an airline pilot may hold, plaintiffs could not support the allegation that the airline

regarded them as having a substantially limiting impairment under the ADA. *Sutton*, 527 U.S. at 493.

In *Bridges v. City of Bossier*, 92 F.3d 329 (5th Cir. 1996), an applicant for a firefighter position revealed that he had a blood clotting disorder. Though the disorder never caused any serious complications, his application was nonetheless rejected because of the extreme risk of severe trauma associated with fighting fire. The disappointed applicant brought suit under the ADA, alleging that he was unlawfully regarded as having a substantially limiting impairment in the life activity of working. The District Court granted defendant's motion for summary judgment and held that the fire department had regarded the applicant as disqualified only from jobs involving exposure to extreme trauma, which constituted a narrow range of jobs. Thus, the court reasoned that plaintiff, as a matter of law, could not prove that he was regarded as disabled for purposes of the ADA. The Fifth Circuit, in affirming the court below, reasoned that jobs involving routine exposure to trauma are merely a narrow range of jobs. Consequently, the court held that one who is disqualified from holding such a position is not regarded as disabled under the ADA. *Bridges*, 92 F.3d at 334.

Lastly, in *Daley v. Koch*, 892 F.2d 212 (2nd Cir. 1989), a rejected applicant for a police officer position brought suit and alleged that the police department unlawfully regarded him as having a psychological disease. In upholding the district court's grant of defendant's summary judgment motion, the court explained that the position of police officer demands unique qualifications. As a result, the court held that being declared unsuitable for the particular position of police officer is not a substantial limitation on the major life activity of working. *Daley*, 892 F.2d at 215.

In the present case, Plaintiff claims that, *while doing physical training exercises* at the Institute of Police Science on November 8, 2004, trainer Timothy Desmond (of Hispanic descent) pushed him down a steep and slippery slope — causing him to hit a parked car and severely injure his left shoulder. *See* Complaint at ¶ 6 (emphasis added). Presumably Plaintiff avers that because he took off work for several months for his shoulder injury and asthma condition, and placed on limited duty, he was "regarded as" disabled. On the other hand, it appears that Plaintiff is arguing that because he was given limited duty, he was relegated to only academic work at the academy. *See* Complaint at ¶ 7 (emphasis added).

Though Plaintiff contends in his opposition that he had a disability or that the Metropolitan Police Department regarded him as having a substantially limiting impairment, the plain text of Plaintiff's Complaint reveals that he has failed to plead facts to meet the minimum notice requirements of a disability, and further evidences that the Metropolitan Police Department did not regard him as disabled. In fact, because he was provided light duty according to his own allegations, it is clear that MPD did not find that he was disqualified from other types of police work, i.e. academic work at the academy supplemented by physical training. Similar to the disappointed job applicants discussed above, who were regarded as unsuited for one particular aspect of employment as opposed to an entire range of jobs, Plaintiff fails to support his Complaint with facts of a disability. Moreover, he has demonstrated through the facts pled in the Complaint, that MPD regarded him as suitable for other types and/or tasks of employment as a police officer. *See Fussel v. Georgia Ports Authority*, 906 F. Supp 1561 (S.D.Ga. 1995) (inability to obtain employment as armed security guard is not a substantial limitation

upon the major life activity of working). In light of the relevant case law, Plaintiff has failed to provide facts as required by *Twombly,* that he suffered a disability and/or was regarded as having a substantial limitation in the major life activity of working. Therefore, dismissal of Plaintiff's ADA and RA claims is appropriate.

II.     PLAINTIFF FAILS TO STATE A CLAIM OF RETALIATION UNDER TITLE VII

Plaintiff avers that the District retaliated against him for complaining about discriminatory treatment. *See* Complaint at ¶ 18. According to Plaintiff, his protected activity was complaining that he was assaulted by his trainer. More specifically, Plaintiff alleges that two months into his cadet training at the Institute of Police Science (IPS), he was taking part in the Academy's morning physical training exercises when he was pushed down a steep and slippery hill by a trainer. *See* Complaint at ¶ 6. While Plaintiff claims he complained, he does not alleged to whom these Complaints were registered, and/or who allegedly discriminated against him by relegating him to only academic work at the academy. *See* Complaint, generally. Plaintiff's averments are deficient and do not properly allege protected activity, or the alleged discriminators. Accordingly, dismissal of the Complaint is warranted under *Twombly*.

Plaintiff alleges in his opposition memo — for the first time ever — that, "[b]ecause Mr. Dave alleged the retaliation began after he complained about the assault and <u>continued</u> until his termination in September 2006, <u>there was no lapse in time between the protected activity and adverse acts</u>, and temporal proximity exists to support the claim of retaliation." [Docket # 7 at p. 5]. By contrast, the Complaint says nothing of any continuing violations and, instead, describes a nearly 2-year delay between Plaintiff's claimed protected activity (i.e., his complaints of discrimination) and his termination.

*See* Complaint, generally. In fact, Plaintiff alleges that he complained about the 2004 incident shortly after it occurred. *See* Complaint at ¶ 6 ("Mr. Dave's classmates witnessed the incident and advised him to report the incident to the proper authorities. Mr. Dave complained that Desmond treated him in a discriminatory manner. Mr. Dave was placed on limited duty during the treatment for his shoulder injury, which lasted approximately five months and included Cortisone shots but no surgery."). Plaintiff was on leave for several months thereafter, and on February 21, 2006, he was placed on limited duty status and his probationary period was extended. *See* Complaint at ¶¶ 6 and 7. Per the Complaint, Plaintiff's termination occurred nearly two years after the November 2004 incident. *See* Complaint at ¶ 9. Based on these allegations alone, Plaintiff has failed to sufficiently plead temporal proximity between the alleged assault and his complaints, and the termination occurring two years thereafter in September 2006.

Finally, the District has cited ample authority to support its position that sarcastic remarks and the denial of training opportunities do not constitute adverse personnel actions. [Docket # 5 at pp. 11 – 12]. Plaintiff cites no authority to support his arguments to the contrary. Accordingly, dismissal of Plaintiff's Title VII claim is appropriate.

    Respectfully Submitted,

    PETER J. NICKLES
    Acting Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

    _____/s/_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV

<div style="margin-left: 2em;">

Dwayne C. Jefferson_____
DWAYNE C. JEFFERSON [980816]
Assistant Attorney General
One Judiciary Square
441 4th St., N.W., 6th Floor South
Washington, D.C. 20001
(202) 724-6649 p | (202) 727-6295 | (202) 741-0554 fax
dwayne.jefferson@dc.gov

**COUNSEL FOR THE DISTRICT OF COLUMBIA**

</div>