**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| PRATEEK DAVE, | : | | |
| Plaintiff, | : | Civil Action No.: | 08-0856 (RMU) |
| v. | : | Re Document No.: | 12 |
| CATHY LANIER *et al.*, | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**GRANTING THE DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT**

## I. INTRODUCTION

This matter comes before the court on the defendant's[1] motion to dismiss the plaintiff's claims of disability discrimination. The plaintiff, a former cadet at the District of Columbia Metropolitan Police Department Institute of Police Science ("IPS"), alleges that the defendant discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* The court previously denied the defendant's motion to dismiss the plaintiff's Title VII claims. The defendant now moves to dismiss the plaintiff's ADA and Rehabilitation Act claims. Because the allegations in the complaint fail to state a claim under the ADA and the Rehabilitation Act, the court grants the defendant's motion to dismiss those claims.

---

[1] Although this suit was originally brought against defendants Cathy Lanier and the District of Columbia, the court previously dismissed all claims against defendant Lanier. *See* Mem. Op. (Mar. 27, 2009) at 1 n.1. Accordingly, because the District of Columbia is the only remaining defendant, the court refers to "the defendant" in the singular.

## II. BACKGROUND

### A. Factual History

The plaintiff, an Indian American male, served as a cadet at IPS from September 2004 until September 2006. Compl. ¶¶ 5, 6. He alleges that during a training exercise in November 2004, a trainer pushed him down a hill, causing severe injury to his shoulder. *Id.* ¶ 6. Following the incident, the plaintiff was placed on sick leave, and then on limited duty, for five months, and his probationary period was extended while he received treatment for his shoulder injury. *Id.*

The plaintiff alleges that after he returned to IPS, his supervisors gave him only academic assignments supplemented by physical training assignments, trained him with a lower-level class, made sarcastic remarks about his abilities and withheld training necessary for graduation from IPS. *Id.* ¶ 7. As a result of the repetitious physical training, the plaintiff developed asthma, resulting in his taking an additional one to two months of sick leave. *Id.* While cadets normally graduate from IPS within six months, the plaintiff failed to graduate after spending two years at the academy. *Id.* ¶ 8. In September 2006, the defendant issued the plaintiff a letter of termination from IPS. *Id.* ¶ 9.

### B. Procedural History

The plaintiff commenced this action on May 19, 2008, alleging that the defendant (1) violated Title VII by retaliating against him after he complained that he had been treated in a discriminatory manner, *see* Compl. ¶¶ 18-22; and (2) violated the ADA and the Rehabilitation Act by subjecting him to disparate treatment and to a hostile work environment based on his disability, failing to accommodate his disability and "retaliating against [him] by terminating his

employment because of his disability" or the perception that he was disabled,[2] *id.* ¶¶ 11-17.

The defendant moved to dismiss all of the plaintiff's claims in July 2008. *See generally* Def.'s Mot. to Dismiss ("Def.'s Mot."). In a memorandum opinion issued in March 2009, the court denied the defendant's motion to dismiss the plaintiff's Title VII retaliation claim. *See* Mem. Op. (Mar. 27, 2009) at 5-11. The court withheld judgment, however, on the defendant's motion to dismiss the plaintiff's ADA and Rehabilitation Act claims, observing that Congress had recently enacted the ADA Amendments Act of 2008 ("ADAAA"), which altered the scope of protection afforded to individuals under the ADA. *See id.* at 4-5. Accordingly, the court allowed the parties to submit further briefing on the effect of the ADAAA on the plaintiff's claims of disability discrimination. *See id.*

With the parties' supplemental briefing on the impact of the ADAAA now complete, *see generally* Def.'s Supplemental Mem. Supporting Mot. to Dismiss ("Def.'s Supplement"); Pl.'s Supplemental Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Supplement"); Def.'s Reply to Pl.'s Supplement ("Def.'s Supplemental Reply"), the court turns to the applicable legal standards and the parties' arguments.

---

[2] The ADA "bars retaliation against an individual for making a charge under or opposing any practice made unlawful by that Act." *Kersey v. Wash. Metro. Area Transit Auth.*, 586 F.3d 13, 16 (D.C. Cir. 2009). Yet if the defendant did, in fact, terminate the plaintiff's employment because he was disabled or because the defendant regarded him as disabled, as the plaintiff alleges, *see* Compl. ¶ 14, it would constitute disparate treatment in violation of the ADA, rather than retaliation as the plaintiff suggests, *see id.* (stating that the defendant "knowingly and intentionally engaged in unlawful discrimination based on [the plaintiff's] disability by . . . retaliating against [the plaintiff] by terminating his employment because of his disability or Defendant[] regarded him as disabled"). The plaintiff does not allege that he filed a charge of disability discrimination or otherwise accused the defendant of disability discrimination while at IPS. *See generally* Compl. Accordingly, the court does not construe the complaint as alleging that the defendant retaliated against him for filing a charge under the ADA or otherwise opposing the defendant's violation of the ADA.

## III. ANALYSIS

### A. Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (internal citations omitted). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957) (internal quotation marks omitted), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant

is liable for the misconduct." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

**B. The ADAAA Does Not Apply to the Plaintiff's ADA and Rehabilitation Act Claims**

As a preliminary matter, the court must determine whether the amendments to the ADA enacted through the ADAAA apply to the plaintiff's claims. It is undisputed that the allegedly discriminatory conduct took place before the ADAAA became effective on January 1, 2009. *See* Compl. ¶¶ 5-10. The defendant maintains that the ADAAA does not apply retroactively and that as a result, the plaintiff's claims are governed by the ADA. Def.'s Supplement at 1-3. The plaintiff, on the other hand, argues that the ADAAA should apply retroactively in this case because he seeks prospective relief. Pl.'s Supplement at 2-4.

Numerous courts, including this Circuit, have considered this issue and concluded that the ADAAA does not apply retroactively. *See Lytes v. D.C. Water & Sewer Auth.*, 572 F.3d 936,

942 (D.C. Cir. 2009) (citing *Equal Employment Opportunity Comm'n v. Agro Distribution, LLC*, 555 F.3d 462, 470 n.8 (5th Cir. 2009); *Moran v. Premier Educ. Group, LP*, 599 F. Supp. 2d 263, 271-72 (D. Conn. 2009) (noting that "it appears that every court that has addressed this issue . . . has concluded that the 2008 Amendments [to the ADA] cannot be applied retroactively to conduct that preceded its effective date")). Thus, the Circuit's holding in *Lytes* forecloses the plaintiff's argument that the ADAAA applies to his claims of disability discrimination,[3] and the court will apply the pre-amendment ADA in assessing the defendant's motion to dismiss.

### C. The Court Grants the Defendant's Motion to Dismiss the Plaintiff's ADA and Rehabilitation Act Claims

#### 1. Legal Standard for Disability Discrimination

To establish that a defendant violated the ADA or the Rehabilitation Act,[4] a plaintiff must show that he or she is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the position, and who suffered an adverse

---

3 The Circuit's holding in *Lytes* also forecloses the plaintiff's argument that the ADAAA applies to his claims because he seeks prospective relief. In *Jenkins v. National Board of Medical Examiners*, the principal case upon which the plaintiff relies, the Sixth Circuit held that because the plaintiff sought purely prospective relief – namely, an injunction requiring the defendant to give him additional time to take a medical licensing test to accommodate his reading disorder – no injustice would result from applying the amended law, and therefore the ADAAA applied to the plaintiff's claims. 2009 WL 331638, at *1 (6th Cir. Feb. 11, 2009). By contrast, in *Lytes*, as in this case, the plaintiff sought both reinstatement and damages. *See* Compl. at 13, *Lytes v. D.C. Water & Sewer Auth.*, 527 F. Supp. 2d 52 (D.D.C. 2007) (Civil Action No. 05-0402); Compl. at 5. The Circuit concluded that because the plaintiff "requested retrospective relief, including compensatory damages and back pay," *Lytes*, 572 F.3d at 939, the ADAAA did not govern the plaintiff's claims, *id.* at 942. Therefore, the fact that the plaintiff in this case requested reinstatement is unavailing.

4 The Rehabilitation Act, which prohibits disability-based discrimination in federal employment, is to be interpreted coterminously with the ADA. *See Adams v. Rice*, 531 F.3d 936, 943 (D.C. Cir. 2008); *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C. Cir. 2002). Thus, the court's analysis of the plaintiff's ADA claim applies equally to the plaintiff's Rehabilitation Act claim.

employment decision due to his or her disability. *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C. Cir. 2002); *LaCorte v. O'Neill*, 139 F. Supp. 2d 45, 47-48 (D.D.C. 2001) (citing *Barth v. Gelb*, 2 F.3d 1180, 1186 (D.C. Cir. 1993)). To prove that he or she has a disability, a plaintiff must demonstrate that his or her condition "substantially limited" one or more major life activities. 42 U.S.C. § 12102(2). The applicable EEOC regulations explain that an individual is "substantially limited" if he or she is

> (i) unable to perform a major life activity that the average person in the general population can perform; or (ii) significantly restricted as to the condition, manner or duration under which [he or she] can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). For the impairment to substantially limit a major life activity, its "impact must also be permanent or long term." *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 198 (2002) (citing 29 C.F.R. § 1630.2(j)(2)(ii)-(iii)).

Individuals who are "regarded as" having a disability are also disabled within the meaning of the ADA. *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999). The Supreme Court has explained that

> [t]here are two apparent ways in which individuals may fall within this statutory definition: (1) a [defendant] mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.

*Id.*

**2. The Plaintiff Has Failed to Plead a Cognizable Claim of Disability Discrimination**

As a preliminary matter, the court finds it useful to clarify the standard of pleading that applies to the plaintiff's claims of disability discrimination, as articulated by Judge Bates in

*Mitchell v. Yates*, 402 F. Supp. 2d 222 (D.D.C. 2005). As Judge Bates observed, the Supreme Court in *Swierkiewicz* held that a plaintiff need not plead every element of a prima facie case of discrimination as set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), as those elements establish only one manner in which a plaintiff may raise an inference of discrimination. *Mitchell*, 402 F. Supp. 2d at 228 (citing *Swierkiewicz*, 534 U.S. at 510-11). Judge Bates noted, however, that the *Swierkiewicz* Court did not address whether a plaintiff must "provide notice of the specific basis for [his or her] protected status as disabled, a matter separate from the *McDonnell Douglas* prima facie framework and the issue of evidence that would support an inference of discrimination." *Id.* Judge Bates concluded that "[n]othing in *Swierkiewicz* indicates that notice pleading in discrimination cases eliminates the requirement to plead a 'short and plain statement' that would put a defendant on notice of the basis of a plaintiff's claim of being an individual with a disability." *Id.* Indeed, as Judge Bates noted, the Supreme Court in *Sutton* upheld the dismissal of the plaintiffs' ADA claims because the plaintiffs failed to adequately allege how their impairment substantially limited them in the major life activity of working. *Id.* (citing *Sutton*, 527 U.S. at 488-89). The court considers Judge Bates's reasoning in *Mitchell* persuasive and holds that a complaint "must adequately allege facts sufficient to support the claim that [the plaintiff] has a 'disability' within the meaning of the ADA, or else be subject to dismissal." *Id.*

The defendant urges the court to dismiss the plaintiff's ADA claim because he has failed to plead that he suffers from a disability. Def.'s Mot. at 3-6. More specifically, the defendant states that "the Complaint is devoid of any allegation that [the plaintiff's] unspecified condition (if any) has a substantial impact upon any major life activity." *Id.* at 5. In addition, the defendant

contends that even if the plaintiff were deemed to have been disabled by virtue of the shoulder injury that he suffered in November 2004 and the asthma that he developed following the November 2004 incident, his claims would still fail because his disabilities were temporary, not permanent.[5] *Id.* at 5-6.

To the defendant's assertion that the plaintiff failed to allege that his condition substantially limited a major life activity, the plaintiff responds that his impairments (namely, his shoulder injury and his asthma) substantially limited him in the major life activity of working. Pl.'s Opp'n at 4. And in response to the defendant's assertion that his impairments were only temporary, the plaintiff asserts that he is permanently impaired despite the fact that he only took finite periods of leave to treat his shoulder injury and his asthma. *Id.* Finally, the plaintiff notes that his claims are based on the allegation that the defendant discriminated against him because of his disability and/or discriminated against him because the defendant *regarded* him as disabled. *Id.* at 3. Therefore, he maintains, his complaint should survive the defendant's motion to dismiss even if the court concludes as a matter of law that he was not actually disabled. *Id.* at 3-4.

The court will first address the defendant's contention that the plaintiff has failed to adequately plead that he had an impairment that substantially impacted a major life activity. Both the Supreme Court and this Circuit have assumed without deciding that working is a major life activity. *See Sutton*, 527 U.S. at 492; *Duncan v. Wash. Metro. Area Transit Auth.*, 240 F.3d

---

5 The defendant also suggests, without elaboration, that the plaintiff has failed to allege that he sustained an adverse employment action related to his purported disability. Def.'s Mot. at 3. The defendant offers no reasoning or case law in support of this point, and in light of the court's dismissal of the claims on the grounds discussed below, the court will not address it.

1110, 1114 n.1 (D.C. Cir. 2001). Because the defendant does not contest the issue, *see generally* Def.'s Mot.; Def.'s Reply, the court will also assume for the purposes of ruling on this motion that working is a major life activity.

The applicable EEOC regulations specify that an individual is substantially limited in the major life activity of working if he or she is "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). "The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." *Id.* The Supreme Court has elaborated on this definition by stating that to be substantially limited in the major life activity of working, an individual

> must be precluded from more than one type of job, a specialized job, or a particular job of choice. If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs. Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs.

*Sutton*, 527 U.S. at 492.

In this case, the plaintiff asserts that as a result of his shoulder injury and his asthma, he was "placed on sick leave status and subsequently on limited duty status and his probationary period was extended." Compl. ¶ 6. The plaintiff further claims that he "was relegated to only academic work at the academy, supplemented by physical training." *Id.* ¶ 7. Thus, the plaintiff's own account of his impairments indicates that although he was temporarily unable to perform any work while he was on sick leave, from the time he returned from sick leave he was able to perform academic work and a limited amount of physical work. *Id.* ¶¶ 6-7. The plaintiff further suggests that his inability to fully perform physical tasks resulted in his termination from IPS.

*See id.* ¶¶ 6-9. In other words, the plaintiff has asserted, at most, only that his impairments significantly restricted his ability to perform purely *physical* work, as opposed to significantly restricting his "ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). As a consequence, the plaintiff's allegations fail to adequately state how his impairments substantially limited him in the major life activity of working. *Cf. Bonieskie v. Mukasey*, 540 F. Supp. 2d 190, 200 (D.D.C. 2008) (dismissing the plaintiff's complaint after determining that "[a]t most, he [had] offered evidence that his impairments affected his ability to do *the job he held*"); *Mitchell*, 402 F. Supp. 2d at 229 (noting that the "plaintiff's complaint concede[d] that he [was] capable of performing as a police officer with administrative duties").

Although the plaintiff has failed to properly allege that he was actually disabled, his complaint may still survive the defendant's motion to dismiss if he plausibly alleged that the defendant mistakenly regarded him as disabled. *Sutton*, 527 U.S. at 489. The complaint, however, is devoid of any allegations that would suggest that the defendant perceived him as having a condition that would qualify as a disability. To the contrary, the plaintiff asserts in the complaint that the defendant placed him on limited duty status and relegated him to academic work supplemented by physical training. *See* Compl. ¶¶ 6-7. This account suggests that the defendant believed that jobs utilizing the plaintiff's skills were available; it indicates, in other words, that the defendant did not regard him as substantially limited in the major life activity of working. *Cf. Mitchell*, 402 F. Supp. 2d at 229 n.3 (holding that because, by the plaintiff's own account, the defendants were aware that the plaintiff could perform administrative duties and

assigned him such duties, the "defendants did not 'regard' him as substantially limited in the major life activity of working").

## IV. CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss the plaintiff's ADA and Rehabilitation Act claims. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 3rd day of February, 2010.

RICARDO M. URBINA
United States District Judge