**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

PRATEEK DAVE,                           :
                                        :
    Plaintiff,                         :    Civil Action No.:    08-0856 (RMU)
                                        :
v.                                      :    Re Document No.:     22
                                        :
DISTRICT OF COLUMBIA,                   :
                                        :
    Defendant.[1]                       :

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S RENEWED
### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

## I. INTRODUCTION

This matter comes before the court on the plaintiff's renewed motion for leave to file an amended complaint. The plaintiff, a former cadet at the District of Columbia Metropolitan Police Department Institute of Police Science ("IPS"), alleges that the District of Columbia discriminated and retaliated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-3(a) *et seq.* The plaintiff now seeks to amend his complaint to include additional claims of discrimination and retaliation under 42 U.S.C. § 1981, as well as claims under the Fifth Amendment and 42 U.S.C. § 1983. Because the plaintiff's additional claims arise out of the same core of operative facts as the claims in his original complaint, and because the proposed amendments are neither unduly prejudicial to the defendant nor futile, the court grants the plaintiff's motion.

---

[1] Although the suit was originally brought against defendants Cathy Lanier and the District of Columbia, the court previously dismissed all claims against defendant Lanier. *See* Mem. Op. (Mar. 27, 2009) at 1 n.1. Because the District of Columbia is the only remaining defendant, the court refers to "the defendant" in the singular.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, an Indian-American male, was a cadet at IPS from September 2004 until September 2006.  Compl. ¶¶ 3, 5.  The plaintiff alleges that during a training exercise in November 2004, a trainer of Hispanic descent pushed him down a hill, causing injury to his shoulder.  *Id.* ¶ 6.  Believing that the trainer's conduct was motivated by discriminatory animus, the plaintiff complained about the incident to the defendant.  *Id.*

The plaintiff alleges that after he returned to work, the defendant retaliated against him for reporting the incident by, *inter alia*, limiting his training opportunities, extending his probationary period and relegating him to academic work.  *Id.* ¶ 7.  In September 2006, the defendant issued the plaintiff a letter of termination.  *Id.* ¶ 9.

In May 2008, the plaintiff commenced this action, claiming that the defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. §§ 791 *et seq.*, and Title VII.  *See generally* Pl.'s Compl.  The defendant subsequently filed both a motion to dismiss and a supplemental motion to dismiss, *see generally* Def.'s Mot. to Dismiss; Def.'s Suppl. Mot. to Dismiss, which led this court to dismiss the plaintiff's ADA and Rehabilitation Act claims, *see generally* Mem. Op. (Feb. 3, 2010); Mem. Op. (Mar. 27, 2009).

On February 10, 2011, during the initial status hearing, the court ordered the parties to file any motions for leave to amend their respective pleadings by February 26, 2011.  Minute Entry (Feb. 10, 2011).  Discovery is ongoing in this matter, and is scheduled to end on September 16, 2011.[2]

---

[2]  Discovery was originally scheduled to end on August 15, 2011, but the plaintiff sought an extension, a request made with the defendant's consent.  *See generally* Pl.'s Mot. for Extension of

On February 28, 2011, the plaintiff moved for leave to file an amended complaint in order to add three claims. *See generally* Pl.'s Mot. to Amend (Feb. 28, 2011). The defendant opposed this motion on the grounds that the plaintiff violated LCvR 7(m), which requires that the plaintiff meet and confer with opposing counsel prior to filing any nondispositive motions. *See* Def.'s Opp'n to Pl.'s Mot. The plaintiff did not respond to the defendant's opposition. The court subsequently issued a Minute Order striking the plaintiff's motion to amend. *See* Minute Order (May 23, 2011).

On June 9, 2011, the plaintiff renewed his motion for leave to file an amended complaint, again seeking to add the same three claims.[3] *See* Pl.'s Renewed Mot. to Amend ("Pl.'s Renewed Mot."). More specifically, the plaintiff proposes to add allegations that the defendant violated 42 U.S.C. § 1981 when it discriminated against him on the basis of race and nationality, and when it retaliated against him for prior protected activity. Pl.'s Renewed Mot., Ex. 1 ("Proposed Am. Compl.") ¶ 19. Further, the plaintiff seeks to amend his complaint in order to assert that the defendant violated his due process rights under the Fifth Amendment by terminating him "without notice or opportunity to be heard." *Id.* ¶ 25. The plaintiff also adds a claim alleging municipal liability for the alleged Fifth Amendment violation, pursuant to 42 U.S.C. § 1983. *Id.* With the plaintiff's motion now ripe for review, the court turns to the parties' arguments and to the applicable legal standards.

---

Time to Complete Disc. (Aug. 9, 2011). The court granted the parties an extension of time until September 16, 2011. *See* Minute Order (Aug. 10, 2011).

[3] The plaintiff explains in his renewed motion that prior to filing his original motion to amend, the defendant had explicitly opposed any amendment in the parties' joint status report, and thus the plaintiff believed that he had met the meet and confer requirement under Local Rule 7(m). Pl.'s Renewed Mot. to Amend ¶ 10. Indeed, the parties' status report states that the defendant opposed amendment. *See* Joint Status Report (Jan. 26, 2011) at 5. Because the court is persuaded that the plaintiff had met the Local Rule 7(m) requirement to meet and confer, the court will entertain the plaintiff's renewed motion, notwithstanding its tardiness. *Smith v. Cafe Asia*, 598 F. Supp. 2d 45, 49 (D.D.C. 2009) (noting that the court acts in its discretion in granting a motion to amend).

### III.  ANALYSIS

#### A.  Legal Standard for a Rule 15 Motion to Amend

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint once as a matter of course at any time before a responsive pleading is served.  FED. R. CIV. P. 15(a).  Once a responsive pleading is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party.  *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The grant or denial of leave is committed to the discretion of the district court.  *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).  The court must heed Rule 15's mandate that leave is to be "freely given when justice so requires."  FED. R. CIV. P. 15(a); *Foman*, 371 U.S. at 182; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman*, 371 U.S. at 182.  Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments.  *Id.*; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

#### B.  The Court Grants the Plaintiff's Renewed Motion for Leave to File an Amended Complaint

##### 1.  The Amended Complaint Relates Back to the Original Complaint

The plaintiff seeks to amend his complaint to include allegations that he "was [subject] to disparate treatment based on his race and national origin" in the making and enforcement of his employment contract and that he was terminated in retaliation for "complain[ing] about the discriminatory treatment."  Proposed Am. Compl. ¶¶ 17-19.  Additionally, the plaintiff seeks to

add claims under the Fifth Amendment and § 1983 for violation of his due process rights. *Id.* ¶¶ 20-25.

The defendant contends that the plaintiff's new claims are time-barred by the applicable three-year statute of limitations, stating that "[n]one of the new claims relate back because they assert new grounds for relief supported by facts that differ in both time and type from those set forth in the original Complaint." Def.'s Opp'n to Pl.'s Renewed Mot. at 3-4. The plaintiff replies that the claims are not time-barred because each new claim arose out of the same conduct, transaction, or occurrence set forth in his original complaint. Pl.'s Reply at 1-2.

Rule 15(c) allows a plaintiff to amend its complaint to add a claim or defense when that claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original pleading. FED. R. CIV. P. 15(c); *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (discussing the relation-back doctrine). Typically, amendments that build on previously alleged facts will "relate back" to the date of the original pleading, thereby avoiding the effect of the governing statute of limitations. *Hicks*, 283 F.3d at 385, 388. But amendments do not relate back when the amended claim "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). The court must inquire into whether the opposing party has been put on notice regarding the claim. 6A FED. PRAC. & PROC. CIV. 2d § 1497. If the alteration is "so substantial that it cannot be said that defendant was given adequate notice . . . then the amendment will not relate back and will be time barred if the limitations period has expired." *Id.*

The plaintiff's original complaint alleged acts of discrimination and retaliation during his employment with the defendant. *See generally* Pl.'s Compl. The amended complaint contains no new factual allegations upon which the plaintiff seeks to base his proposed § 1981 claims.

5

Proposed Am. Compl. ¶¶ 17-19.  Indeed, the only substantive difference between the plaintiff's proposed § 1981 claims and his original discrimination and retaliation claims under Title VII is that the plaintiff's proposed § 1981 claims center on the defendant's conduct as it relates specifically to the circumstances surrounding the plaintiff's termination, whereas the original Title VII claim relates to alleged discrimination and retaliation in his employment more broadly. *Compare* Compl. ¶¶ 18-22 *with* Proposed Am. Compl. ¶¶ 17-19.  Because no new facts are alleged, the concludes that the defendant had adequate notice of the facts upon which the plaintiff's § 1981 claim is based.  *See Santamarino v. Sears, Roebuck Co.*, 466 F.3d 570, 573 (7th Cir. 2006) ("The criterion of relation back is whether the original complaint gave the defendant enough notice of the nature and scope of the plaintiff's claim that he shouldn't have been surprised by the amplification of the allegations of the original complaint in the amended one."); *see also Travelers Ins. Co. v. 633 Third Associates*, 14 F.3d 114, 125 (2d Cir. 1994) (holding that the claims in the amended complaint related back to the claims of the original complaint because they were "based on the very series of transactions and occurrences alleged in the original complaint").  Accordingly, the § 1981 claim relates back to the original complaint, and is not barred by the statute of limitations.

Next, the plaintiff seeks to add a due process claim alleging that the defendant violated his Fifth Amendment rights and a claim under § 1983 in order to hold the District of Columbia liable for any such due process violation. Proposed Am. Compl. ¶¶ 20-25.  The plaintiff's original complaint detailed the modifications to his training and employment opportunities as well as the manner in which his employment was terminated.  *See generally* Pl.'s Compl.  Thus, the amended complaint merely asserts that the same alleged discriminatory and retaliatory conduct described in the original complaint also gave rise to due process claims under the Fifth

Amendment and § 1983. These newly added legal theories arise out of the same occurrence as asserted in the original complaint and therefore also satisfy the test for relation back under the liberal standard required by Rule 15(c). *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000) (holding that amending a complaint should be liberally granted when it merely adds a new legal theory that arises out of the same core of operative facts); 6A FED. PRAC. & PROC. CIV. 2d § 1497 ("The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to the defendant's attention by the original pleading."). Because the new due process claims in the proposed amended complaint arise from the same facts that were in the original complaint, relation back is proper and the plaintiff's claims are not time-barred by the statute of limitations.

### 2. The Plaintiff's Constitutional Claims Are Not Futile

#### a. The Defendant Has Not Demonstrated that the Plaintiff's Fifth Amendment Due Process Claim Is Futile

The plaintiff alleges that the defendant denied him due process because it, *inter alia*, terminated him without notice or opportunity to be heard. Proposed Am. Compl. ¶ 25. The defendant contends that allowing the plaintiff to include the proposed Fifth Amendment due process claim would be futile. Def.'s Opp'n to Pl.'s Renewed Mot. at 6. More specifically, the defendant contends that (1) the plaintiff had no property interest in his employment because he was merely a "probationary" employee at the time he was terminated, and that (2) the defendant afforded the plaintiff adequate process by giving him notice of his termination in writing. *Id.* at 6-7. According to the defendant, the District of Columbia Personnel Manual requires that an employee terminated during his or her probationary period must only be notified in writing of the termination and its effective date. *Id.* The plaintiff counters that the Fifth Amendment claim is

7

not futile because he disputes the appropriateness of his classification as a "probationary employee" at the time of his dismissal.  Pl.'s Reply at 4.

Notwithstanding that leave to amend is freely given when "justice so requires," FED. R. CIV. P. 15(a)(2), the court may still deny amendment if the proposed claim would not survive a motion to dismiss, *Foman*, 371 U.S. at 181-82.  The defendant bears the burden of proving the futility of the proposed claims.  *Mead v. City First Bank of DC, N.A.*, 256 F.R.D. 6, 7 (D.D.C. 2009).  Thus, the court turns its attention to the applicable strictures of the Fifth Amendment.

The Fifth Amendment requires that no person be deprived of his liberty or property without due process of law.  U.S. CONST. amend. V.  "A fundamental norm of the due process clause jurisprudence requires that before the government can constitutionally deprive a person of the protected liberty or property interest, it must afford him notice and hearing."  *Nat'l Council of Resistance v. Dep't of State*, 251 F.3d 192, 205 (D.C. Cir. 2001) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

A government employee does not automatically have a property interest in continued employment, but this type of interest may be "created and defined by the terms of his appointment."  *Roth*, 408 U.S. at 578 (holding that a public university professor did not have a property interest in his employment because the terms of his appointment stated that his employment was to last one year).  Notably, a property interest in continued employment need not be created by statute, but may also "arise from informal 'understandings' or policies."  *Mazaleski*, 562 F.3d at 711.  The Fifth Amendment also protects employees' liberty interests, which the government can infringe upon by treating an employee in a manner that could "seriously damage his standing and associations in the community . . . [or] impose[ ] on him a

stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." *Roth*, 408 U.S. at 573-74.

When an individual's liberty or property interest is at stake, "the right to some kind of [ ] hearing [prior to termination] is paramount." *Id.* at 569-70.  Indeed, "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).

Here, the defendant argues that the plaintiff's Fifth Amendment claim is futile because the plaintiff was a probationary employee.  Def.'s Opp'n to Pl.'s Renewed Mot. at 6-7.  The defendant thus asserts that the manner in which the plaintiff was terminated harmed neither his property nor his liberty interests.  *Id.*  The defendant, however, fails to include any documentation supporting the allegation that the defendant was a probationary employee, and the plaintiff challenges that he was properly classified as a probationary employee at the time of his termination.  *See generally* Def.'s Opp'n to Pl.'s Renewed Mot; Pl.'s Reply at 4.  The court thus determines that, at least at this juncture, it is unclear whether the plaintiff was indeed a probationary employee, a fact which may impact whether he had a property or liberty interest at stake.  *See Roth*, 408 U.S. at 578.  Because the defendant has not shown that the plaintiff was properly classified as a probationary employee, the court concludes that the defendant has not carried its burden of establishing the futility of the plaintiff's Fifth Amendment due process claim.

### b. The Defendant Has Not Demonstrated that the Plaintiff's § 1983 Claim Is Futile

With respect to the plaintiff's § 1983 claim, the defendant contends that this claim is futile because the plaintiff fails to identify a practice or policy belonging to the defendant that

resulted in the alleged due process violation. *Id.* at 7-8. The plaintiff, in response, argues that the § 1983 claim is not futile because the complaint alleges numerous practices by the defendant which resulted in due process violations, including the defendant's placement of the plaintiff on sick leave, limited duty status and probation, the defendant's relegation of the plaintiff to academic work and its termination of the plaintiff by letter. *Id.*

To successfully assert a claim against a municipality under § 1983, a plaintiff must allege that the defendant committed an unconstitutional act that "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. Of City of N.Y.*, 436 U.S. 658, 690 (1978).

The defendant contends that such amendment is futile because the complaint does not allege an official policy or custom that resulted in a due process violation. Def.'s Opp'n to Pl.'s Renewed Mot. at 8. The court agrees that some of the facts alleged by the plaintiff – that the defendant placed him on sick leave, placed him on probationary status and limited him to certain duties and academic work – are not, without more, sufficient to allege that the defendant had an established practice or policy which resulted in a due process violation. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (holding that proof of a single incident of unconstitutional activity is insufficient to impose liability under § 1983 "absent proof that the activity was caused by a municipal policy"). The defendant, however, readily admits that it has a policy of terminating probationary employees by merely issuing a letter. *Id.* at 7. The plaintiff, moreover, specifically alleges in his proposed complaint that his termination by letter violated his due process rights. Proposed Am. Compl. ¶¶ 23-25. Thus, the plaintiff's § 1983 claim is not futile because it sufficiently alleges that the defendant violated the plaintiff's due process rights by implementing an official policy: the termination of probationary employees by letter.

### 3. The Amended Complaint Does Not Unduly Prejudice the Defendant

The defendant further argues that allowing the plaintiff to amend his complaint would unduly prejudice the defendant with respect to discovery issues. Def.'s Opp'n to Pl.'s Renewed Mot. at 4-5. Specifically, the defendant maintains that additional discovery will need to be propounded, which will likely exceed the 25-question limitation on interrogatories. *Id.* at 6. The plaintiff replies that this motion would not unduly prejudice the defendant because the deadline for discovery was scheduled to take place more than two months after this motion was filed. Pl.'s Reply at 3.

Although Rule 15 mandates that leave to amend should be freely given, *Foman v. Davis*, 371 U.S. at 182, the court may deny a party's request to amend his pleadings if the amendment would unduly prejudice the other party, *Lover v. District of Columbia*, 248 F.R.D. 319, 324 (D.D.C. 2008). "Allowing a plaintiff to amend his complaint may unduly prejudice a defendant if amendment would delay the litigation or expand the allegations beyond the scope of the initial complaint." *Id.* (citing *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999)). Undue prejudice is likely to occur if "the amended complaint contains new complex and serious charges which would undoubt[edly] require additional discovery for the defendants to rebut." *Id.* (citing *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993)).

The plaintiff asserts no additional facts in his proposed amended complaint, diminishing the need for any substantive additional discovery. *See generally* Proposed Am. Compl. To the extent that further discovery is needed, the court notes that the plaintiff filed his motion to amend when the deadline for the close of discovery was more than two months away, *see* Pl.'s Renewed Mot, and, at this point, the parties have one month remaining of discovery, *see* Minute Order (Aug. 10, 2011). For these reasons and because this case is still in the early stages of litigation,

the court is not persuaded that allowing the amendments would unduly prejudice the defendant. *Histler v. Gallaudet Univ.*, 206 F.R.D. 11, 14 (D.D.C. 2002) (holding that the defendant would not be unduly prejudiced by the plaintiff amending her complaint, and the burden of undertaking discovery, standing alone, does not warrant denial of a motion to amend).

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion for leave to file an amended complaint.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 12th day of September, 2011.

RICARDO M. URBINA<br>
United States District Judge